United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SACRAMENTO AREA ELECTRICAL WORKERS HEALTH & WELFARE TRUST, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>FAMCO, et al.,<br><br>Defendants. | Case No. 17-cv-03823-BLF<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE; GRANTING LEAVE TO EXTEND DEADLINE TO EFFECT SERVICE OF PROCESS**<br><br>[Re: ECF 36] |

Plaintiffs sued two Defendants in this action, FAMCO and Lloyd Dylan Jones. *See* ECF 1. These Defendants share the same address, and Jones is alleged to be the sole proprietor of FAMCO. *See id.* ¶ 12. On July 6, 2017, summonses issued as to both Defendants. *See* ECF 7, 8. On October 3, 2017, Plaintiffs asked the Court to allow them to serve Jones by publication, which the Court allowed. *See* ECF 11, 13, 14. On November 30, 2017, Plaintiffs filed their proof of service by publication, which addressed the summons to Lloyd Dylan Jones only and did not include FAMCO. *See* ECF 17. Plaintiffs subsequently moved for default against both Jones and FAMCO. The Clerk entered default as to Jones but declined to enter default as to FAMCO. *See* ECF 27, 33. On November 5, 2018, this Court issued an order to show cause why FAMCO should not be dismissed without prejudice for Plaintiffs' failure to properly execute service. *See* ECF 34. Plaintiffs filed a response, which argues that FAMCO was properly served when Jones was served via publication because Jones is the sole proprietor of FAMCO. *See* OSC Response at 1–2 (citing *Barnard v. Foot Traffic Shoes*, No. 16-cv-07253-SBA, 2018 WL 2063318, at *2 (N.D. Cal. 2018); *Providence Wash. Ins. Co. v. Valley Forge Ins. Co.*, 42 Cal. App. 4th 1194, 1199 (1996)).

The Court interprets these cases differently.  In each of the cases Plaintiffs cite, the defendant sole proprietorship was served through the sole proprietor via a summons addressed *to the sole proprietorship*.  The defendant sole proprietorship (here, FAMCO) must be served in order to have notice of the suit.  That Plaintiffs can effectuate service by serving on Jones a summons addressed to FAMCO does not mean that Plaintiffs can skip including FAMCO in the summons altogether.  The notice requirements for service, particularly service by publication, are exacting in order to protect the Due Process rights of defendants.  Here, Plaintiffs failed to meet those requirements by failing to include FAMCO in their publication summons.

That said, Plaintiffs' diligently attempted to serve FAMCO via service of Jones based on their mistaken belief that this would constitute service of FAMCO.  The Court thus DISCHARGES the order to show cause.  Although the time for service of FAMCO has now passed, courts have discretion to extend the time for service under Federal Rule of Civil Procedure 4(m), even absent good cause.  *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003). Factors the Court can consider include "prejudice to the defendant" and "actual notice of a lawsuit."  *See Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1036 (N.D. Cal. 2015) (citation omitted).  Because Jones was served by publication, and the publication included a title of the lawsuit including FAMCO, the Court finds that FAMCO (via Jones) had actual notice of the suit against it, despite not being properly served.  And because it has only been a year since the case's inception, and default has already been entered as to Jones, the Court finds that FAMCO will not be prejudiced by this extension.  As such, the Court EXTENDS the deadline for Plaintiffs to effect service of process on FAMCO.  The deadline to effect service is **February 18, 2019**.  Service may be effected using the same publication means used to serve Jones or any other method allowed under the Federal Rules of Civil Procedure so long as any such publication clearly identifies FAMCO as the party being served.

**IT IS SO ORDERED.**

Dated: November 21, 2018

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

2